[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 8, 2005
THOMAS K. KAHN
CLERK

_____

No. 02-14828

_____

D. C. Docket No. 02-00850-CV-8-T-17TGW

INDEMNITY INSURANCE COMPANY OF NORTH AMERCIA,

Plaintiff-Appellant,

versus

AMERICAN AVIATION, INC.,

Defendant-Appellee.

_____

No. 02-14830

_____

D. C. Docket No. 02-00851-CV-8-T-17TBM

PROFILE AVIATION SERVICES, INC.,

Plaintiff-Appellant,

versus

AMERICAN AVIATION, INC.,

Defendant-Appellee.

Appeals from the United States District Court
for the Middle District of Florida

_____

**(February 8, 2005)**

Before ANDERSON and BIRCH, Circuit Judges, and PROPST[*], District Judge.

PER CURIAM

The procedural history, facts and issues in this case are summarized in our previous opinion in which we certified dispositive questions of state law to the Supreme Court of Florida. *Indemnity Insurance Company of North America v. American Aviation, Inc.*, 344 F.3d 1136 (11th Cir. 2003). We have received the answer of the Supreme Court of Florida. *Indemnity Insurance Company of North America, et. al., v. American Aviation, Inc.*, 2004 WL 2973861 (Fla. 2004).

We certified five questions to the Supreme Court of Florida. The court combined and rephrased our first two questions to read as follows:

> WHETHER THE ECONOMIC LOSS DOCTRINE BARS A
> NEGLIGENCE ACTION TO RECOVER PURELY ECONOMIC
> LOSS IN A CASE WHERE THE DEFENDANT IS NEITHER A
> MANUFACTURER NOR DISTRIBUTOR OF A PRODUCT AND

_____

[*]Honorable Robert B. Propst, United States District Judge for the Northern District of Alabama, sitting by designation.

THERE IS NO PRIVITY OF CONTRACT.

*Id.* at *1.

The court then answered the rephrased question in the negative.  The court stated:

> We conclude that the "economic loss doctrine" or "economic loss rule" bars a negligence action to recover solely economic damages only in circumstances where the parties are either in contractual privity or the defendant is a manufacturer or distributor of a product, and no established exception to the application of the rule applies. Because the defendant in this case is neither a manufacturer nor distributor of a product, and the parties are not in privity of contract, this negligence action is not barred by the economic loss rule. The remaining certified questions concerning exceptions to the economic loss doctrine are moot in light of our determination that the economic loss rule does not apply to this case.

*Id.*

The answer of the Supreme Court of Florida being inconsistent with the judgments of the district court dismissing the tort claims, we reverse as to those claims and remand the cases for further proceedings consistent with this opinion and the opinion of the Supreme Court of Florida.  There has been no appeal as to the dismissal of the breach of warranty claims and we affirm the judgments as to those claims.

AFFIRMED IN PART AND REVERSED IN PART AND REMANDED

3